OPINION OF THE COURT
George G. Bernhard, J.
This support proceeding arises out of a divorce action in the Supreme Court, Dutchess County (Benson, J.), part of which has been referred to this court for determination. The father *308 objects to the amended support order dated June 18, 1990 of the Hearing Examiner (Gilbert, H.E.).
The essential facts are not in dispute. The parties have three infant children. The father, an airline pilot, receives approximately $71,000 per annum, while the mother, a librarian, earns approximately $27,000 per annum. However, the parties have agreed upon joint custody during part of which time the children reside with the mother in a three-bedroom house titled solely in the father’s name, for which he is paying the mortgage and insurance carrying charges.
Upon being made aware that the parties disagreed as to the proper allocation of income tax exemptions and had submitted that issue, to the Hearing Examiner, the decision was amended to allocate two out of three exemptions to the father. On noting that such allocation is in general proportion to the respective incomes reported by the parties, this court will not disturb that allocation.
Mechanical application of the mathematical formulae set forth in the Child Support Standards Act (Domestic Relations Law § 240 [1-b] [hereinafter CSSA]) would result in a weekly support order of approximately $435 as opposed to $260 actually ordered against this objectant.
The CSSA was enacted pursuant to a diktat by the Federal Government (see, e.g., Family Support Act of 1988, Pub L 100-485, 102 US Stat 2343 [Oct. 13, 1988]) in its zeal to compel uniformity throughout the various States so as to give more vigor to the various remedies against remiss parents who either have left their children in other States or permit them to be eligible for Federally funded (in part) welfare programs.
Nevertheless, the lesser result was made possible in this case by the Hearing Examiner’s ruling that the parties’ stipulation of "joint custody” was not contemplated by CSSA. Joint custody, theoretically, the most ideal custodial arrangement, but which usually achieves success only among those parents who can resolve differences without resort to litigation and which is also known as the "invitation to litigation”, was devised by attorneys as a means to assuage the fears of parents (usually fathers) that they might be effectively deprived of the power to determine the important issues relating to the upbringing, religion and education of their children. Moreover, it can serve as a strong deterrent against removal of the children to places distant and difficult for the physical visit with a parent. In this particular case, the practical *309 problem of what shall the children call home was resolved by the common device of awarding the mother "primary physical custody” as opposed to "legal custody” with physical possession to the father under circumstances which are sharply reminiscent of a visitation schedule.
Nevertheless, the Hearing Examiner’s well-founded position is that the present CSSA in its targeting of the "non-custodial parent” does not deal with a situation where there are two "custodial parents”.
Accordingly, we are left with the issue whether the Hearing Examiner made an excessive award of child support with regard to the circumstances of this family unit.
The children, a nine-year-old girl and twin boys age six, reside with their mother in a three-bedroom house presently titled in the father. While there is no significant dispute with the stated $900 rental value of the premises, the parties strongly dispute what credit, if any, should be awarded for its provision. The Hearing Examiner was placed in a difficult position by the lack of prior resolution of the issue of equitable distribution of the marital assets, since the mother’s share of the $900 monthly rental value is dependent upon the value of her share in equitable distribution. This difficulty is a direct consequence of the "never-neverland” in which matrimonial litigants constantly find themselves, wandering between the Supreme Court and the Family Court in this State, where the Supreme Court proposes to dissolve the bonds of matrimony, reserves to itself the task of numbering and distributing the marital assets to some time in the near future, while immediately referring for decision the perennially recurring issues of maintenance, child support and custody to the Family Court. It appears that the true relief of the parties might come from the Legislature some day.
In the meantime, inasmuch as the exhibits display acquisition of this former marital residence after the date of marriage, we shall assume in the absence of any presentation to the contrary, that each of the litigants owns a $450 share of the rental value of the property. This court further determines that the amount devoted to housing the children is $200 per child, making a total of $600. To this, the father pays additional sums for real estate taxes which this court computes on a net income tax basis as $82 monthly, plus $37 for insurance. Half of this is attributable to his protection of his equity so that he is deemed to be contributing $60 monthly to child support on these items.
*310 In addition, the Hearing Examiner estimated the children’s reasonable living expenses to be between $1,075 and $1,200 which this court increases to $1,300 based on additional items for education. This reflects a lavish level of support for the children endorsed by both parties. However, this does not take into account that the joint custody agreement provides for the children being with their father perhaps 39% of the time. While this court does not accept that the father replicates the mother’s expenses while they are with him, it does appear that this provides an additional outlay of 20% monthly being defrayed by their father while they are with him.
Hence, the total cost of these children is computed $1,300 living expense, $600 rent and $260 additional, making a $2,160 total of which the father should pay 73% based on a comparison of his income with that of the mother. Out of $1,577 monthly for which he is liable, he is paying, as previously stated, (a) $260 for the period the children are with him; (b) $60 attributable to taxes and insurance; and (c) $300 for housing, thus reducing his responsibility to $957 monthly or $224 weekly. Due to the passage of time, the overpayment shall be liquidated at the rate of $24 weekly. The parties may move for modification should they be so advised upon receipt of a determination on equitable distribution of marital property.
Wherefore, the order of the Hearing Examiner is reduced to $224 weekly as of the date of filing objections, overpayment to be liquidated at the rate of $24 weekly by reduction in support payments.